IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

AMANDA L. THOMAS

   *Plaintiff,*

v.

ULTA BEAUTY COSMETICS, LLC.

   *Defendant.*

CASE NO: not yet assigned

## COMPLAINT

### PARTIES

1. Venue is proper in this Court pursuant to §47.011, Florida Statutes.

2. This Court has jurisdiction pursuant to §48.193(l)(a), Florida Statutes, as the Defendants committed tortious acts within the State of Florida.

3. The Plaintiff, *AMANDA L. THOMAS* at all times relevant hereto, is an adult citizen of the State of *FLORIDA* and is domiciled in *DUVAL COUNTY.*

4. The Defendant, *ULTA BEAUTY COSMETICS, LLC.*, at all times relevant hereto, is:

   (a) a company established under the laws of the State of *FLORIDA* and is authorized to do business as a foreign company in this State, and is subject to service of process by and through its registered agent: *CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301-2525*;

   (b) the actions hereunto took place in Duval County, Florida.

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

## FACTS

5.  On or about *June 9, 2020*, Plaintiff had an initial inquiry with Kerry-Ann Dishman (District Manager- Georgia store 1308) about transferring to her District in Georgia.

6.  On or about *June 18, 2020*, Plaintiff spoke with Meghan Mcgregor (District Manager- Florida store 1010) to get approval to transfer to Georgia store 1308.

7.  On or about *July 7, 2020*, Plaintiff was given a date to transfer to Georgia store 1308 which was set by Jessica Dozier (General Manager- Georgia store 1308) for *August 9, 2020*. Plaintiff, however, did not have the Georgia Cosmetology License at that point.

8.  On or about *July 21, 2020*, Plaintiff spoke with Kerry-Ann Dishman (District Manager- Georgia store 1308) to inform that Georgia has not approved the Cosmetology License as of that date. Plaintiff also requested the possibility of having to push out the Transfer since the License is a requirement to complete the application for the position. Plaintiff also communicated with Kelly Lagotto (General Manager- Florida store 1010) about the same issue and Kelly Lagotto replied that she was not getting communication on what to do and does not have a solution or answer.

9.  On or about *August 3, 2020*, Plaintiff had another call with Kerry-Ann Dishman (District Manager- Georgia store 1308) about not having the Cosmetology License and waiting to hear form the State Board of Georgia. The Defendant breached the contract by informing the Plaintiff by source of Kelly Lagotto (General Manager- Florida store 1010) that she has spoken to Meghan Mcgregor (District Manager- Florida store 1010) which conveyed about the Plaintiff's application to Transfer was pushed through without having the Georgia Cosmetology License and the Plaintiff's last day of work will be *August 4, 2020* in Florida.

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

10. On or about *August 9, 2020*, Plaintiff's first day at the new location(Georgia store 1308) was without the Georgia Cosmetology License. In addition, Plaintiff requested to be paid by her average's wages instead of a straight hourly wage which was Denied by Management.

11. On or about *August 13, 2020*, Plaintiff got approved by the State Board of Georgia for the Cosmetology License.

12. On or about *August 15, 2020*, Plaintiff is informed from a source that the position of Salon Manager and Prestige Manager are being discontinued. In addition, the two positions will be combined to Services Manager.

13. On or about *August 16, 2020*, Plaintiff spoke to Grace Cobb (Services District Leader- Florida store 1010) to get confirmation of the change. However, Grace Cobb will not give the details but confirms via text that "changes are happening, and [plaintiff] will have choices".

14. On or about *August 17, 2020*, Plaintiff got confronted by Kerry-Ann Dishman (District Manager- Georgia store 1308) about who told Plaintiff about the changes. In addition, Kerry-Ann Dishman is upset about information about her District being leaked which she told Plaintiff not to be worried as the information was not "true".

15. On or about *August 22, 2020*, Plaintiff is visited at the store by Kerry-Ann Dishman (District Manager- Georgia store 1308) whom she told Plaintiff to "stay relaxed and wait for the full information to come out."

16. On or about *August 25, 2020*, the Official announcement was made via conference call confirming the changes I was made aware of by my source on *August 15, 2020*. In addition, Plaintiff spoke on this same date to Kerry- Ann Dishman (District Manager- Georgia

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

store 1308) and Erin Mullins (Regional Services Manager for South East) to go over my options which are: take the new position or step down to a Stylist.

17. On or about *September 16, 2020*, Plaintiff had a conversation with Jessica Dozier (General Manager- Georgia store 1308) but was advised that if Plaintiff demotes to a Stylist, she will be paid in the $14-$16 range, and Plaintiff currently makes in the position $28.38 hourly.

18. The breach of this contract by the Defendant was without an arguable basis and was accompanied by conduct so willful and so grossly negligent as to constitute an independent tort.

19. As a direct and proximate result of the Defendants' wrongful conduct as described in this Complaint, the Plaintiff has suffered, and continues to suffer, damages. The exact amount of these damages are known to exceed $75,000.00. Moreover, the Defendants' wrongful conduct constitutes bad faith and involves such willfulness and maliciousness that it rises to the level of an independent tort or torts, thus entitling the Plaintiff to recover punitive damages from the Defendants.

20. Plaintiff has performed all conditions precedent to recovery and has not excused defendant's non-performance or breach of the Contract.

## CLAIMS

### COUNT I:

*"Paragraphs 'I' through 'V' are expressly incorporated herein by reference".*

I. The Defendant's breach of the Contract delineated hereinabove proximately caused Plaintiff to suffer in the excess of $75,000.00.

WHEREFORE, Plaintiff, *AMANDA L. THOMAS*, demands that this court enters a judgment against Defendant, *ULTA BEAUTY COSMETICS, LLC.*, for:

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

    a.    All direct, consequential, and punitive damages caused by the *ULTA BEAUTY COSMETICS, LLC.*, outrageous conduct that constitutes COUNT I.

    b.    Such other relief as this court deems just and proper.

## COUNT II:

*"Paragraphs 'I' through 'V' are expressly incorporated herein by reference".*

    II.    The Defendant breached the above described contract for reasons incompatible with good faith and fair dealing, as a proximate and foreseeable result of which the Plaintiff suffered damages. The breach of contract was wholly unsupported by any arguable reasons, was willful, malicious, and in bad faith.

WHEREFORE, Plaintiff, *AMANDA L. THOMAS*, demands that this court enters a judgment against Defendant, *ULTA BEAUTY COSMETICS, LLC.*, for:

    a.    All direct, consequential, and punitive damages caused by the *ULTA BEAUTY COSMETICS, LLC.*, outrageous conduct that constitutes COUNT II.

    b.    Such other relief as this court deems just and proper.

## COUNT III:

*"Paragraphs 'I' through 'V' are expressly incorporated herein by reference".*

    III.    The conduct of Defendant complained of hereinabove constitutes intentional disruption of a business relationship which the Defendant should be punished and deterred from similar conduct in the future. The conduct of the Defendant complained of herein was ruined previous, current, and future prospective clients as a hairstylist.

WHEREFORE, Plaintiff, *AMANDA L. THOMAS*, demands that this court enters a judgment against Defendant, *ULTA BEAUTY COSMETICS, LLC.*, for:

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

    a.    All direct, consequential, and punitive damages caused by the *ULTA BEAUTY COSMETICS, LLC.*, outrageous conduct that constitutes COUNT III.

    b.    Such other relief as this court deems just and proper.

## COUNT IV

*"Paragraphs 'I' through 'V' are expressly incorporated herein by reference".*

    IV.    The Defendant deliberately made promises to the Plaintiff when they expected that the Plaintiff would rely on those promises. Those promises were known by the Defendants to have created a reasonable expectation in the Plaintiff. The Plaintiff relied to her substantial detriment upon those promises. Injustice can only be prevented by enforcing the Defendants' promises. The Defendants' breach of their promises and assurances proximately caused the damages previously described in the Complaint, said damages were foreseeable and the Defendants' conduct causing these damages was attended by malice, willfulness, insult, and abuse, thus entitling the Plaintiff to recover punitive as well as actual damages.

WHEREFORE, Plaintiff, *AMANDA L. THOMAS*, demands that this court enters a judgment against Defendant, *ULTA BEAUTY COSMETICS, LLC.*, for:

    a.    All direct, consequential, and punitive damages caused by the *ULTA BEAUTY COSMETICS, LLC.*, outrageous conduct that constitutes COUNT IV.

    b.    Such other relief as this court deems just and proper.

## COUNTY V

*"Paragraphs 'I' through 'V' are expressly incorporated herein by reference".*

    V.    The Defendants' unlawful conduct as previously described in this Complaint, was known to the Defendants to be likely to produce emotional distress in the Plaintiff, and it did in fact produce emotional distress in the Plaintiff. As a direct and proximate result of the

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

Defendants' unlawful conduct the Plaintiff has suffered emotional distress and emotional damage of at least $75,000.00. The Defendants' conduct as previously described was outrageous, wholly without legal or factual justification, was malicious and wanton, and thus entitles the Plaintiff to recover actual and punitive damages as previously described.

WHEREFORE, Plaintiff, *AMANDA L. THOMAS*, demands that this court enters a judgment against Defendant, *ULTA BEAUTY COSMETICS, LLC.*, for:

a.  All direct, consequential, and punitive damages caused by the *ULTA BEAUTY COSMETICS, LLC.*, outrageous conduct that constitutes COUNT V.

b.  Such other relief as this court deems just and proper.

### DEMAND FOR RELIEF:

WHEREFORE, the Plaintiffs pray for the following relief:

1. Trial by jury;

2. Judgment for Plaintiff(s) and against the Defendant(s);

3. An award of damages in an amount which will fully and fairly compensate Plaintiff for in excess of $75,000.00.

4. An award of punitive damages in amount which is reasonably and rationally related to the egregiousness of Defendant's conduct, and which is reasonably and rationally related to the financial net worth of the Defendant, and which is in the public interest;

5. Reasonable attorney's fees, costs and expenses;

6. Such other and further relief as may be deemed just and proper in the premises.

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

BENJAMIN BUCK LAW, P.A.

*Benjamin W. Buck, Jr.*
**Benjamin W. Buck, Jr., Esq.**
Florida Bar No.: 117639
113 South Monroe St, 1st Fl
Tallahassee, FL 32301
Telephone: (850)-201-7360
Email: ben@benbucklaw.com